**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY E. STEVENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-42-JMB |
| | ) | |
| ZACHARY HOLRACK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Gregory E. Stevenson, a pretrial detainee at the Scott County jail, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff did not provide an inmate account statement in support of the instant motion. However, in a civil action plaintiff initiated before the instant action, he averred his institution declined to provide him with such statement. *See Stevenson v. Shaffer, et all,* No. 1:20-cv-271-SNLJ (E.D. Mo. 2020). Therefore, rather than direct plaintiff to provide an account statement in this matter, the Court will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 to redress violations of his constitutional rights that occurred in conjunction with his ongoing criminal prosecution in the Circuit Court of Scott County, Missouri. Review of publicly-available records on Missouri Case.net shows that plaintiff is currently facing charges of felony assault, and resisting or interfering with arrest. As of the date of this Memorandum and Order, plaintiff is represented by counsel, and a jury trial is scheduled for June 10, 2021 before the Honorable Robert Zachary Horack. *See State v. Gregory Earl Stevenson*, No. 20SO-CR01206-01 (33rd Jud. Cir. 2020). This Court takes judicial notice of the Missouri State Court record before it, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

Named as defendants in this action are prosecuting attorneys Amanda O'Shea, Tabathia Blakely, and Raymon Brownlee; and Judges Blake Pearson, David A. Dolan, and Robert Holrack.[1] Plaintiff indicates he sues these defendants in their individual capacities. Additionally, in the caption of the complaint, plaintiff listed the name of one Zachary Holrack, and indicated he is a judge in the Circuit Court of Scott County. He does not indicate the capacity in which he sues Zachary Holrack. In support of his claims, plaintiff alleges as follows.

O'Shea violated plaintiff's right to due process and fabricated evidence by filing "a false and reckless probable cause for issue of warrant [*sic*];" Judge Robert Horack "signed the false affidavit for the warrant," proceeded despite knowing the evidence against plaintiff was fabricated, and presided over the case after being "disqualified" on October 5, 2020; Blakely proceeded "with fabricated charges withholding evidence," and Brownlee "knew that the information is fabricated however still [pursuing] the charges." Plaintiff then lists the names of defendants Robert Horack, O'Shea, Pearson, Blakely, Dolan and Brownlee, and alleges they have a "bias and interest in the case" and wish to retaliate against him for a past case that was overturned. Plaintiff alleges no wrongdoing on the part of Zachary Holrack. As relief, plaintiff seeks an unspecified amount in damages, and dismissal of the criminal charges against him.

## Discussion

The Court first addresses plaintiff's claims against Zachary Holrack. Review of publicly-available records on Missouri Case.net shows that at present, the Honorable Robert Zachary Horack is presiding over plaintiff's pending criminal case. There is no judge named "Zachary Holrack" in the Circuit Court of Scott County, and plaintiff alleges no claims against that individual in the complaint. It appears plaintiff listed the name Zachary Holrack as a defendant out

---

[1] The proper spelling of this defendant's surname is "Horack." The Court will use the correct spelling from this point forward.

of confusion concerning the proper name of the judge who is presiding over his State court criminal case. Nevertheless, the complaint fails to state a claim upon which relief may be granted against Zachary Holrack, as plaintiff simply listed that name as a defendant in the caption without alleging any claims against him in the complaint. Merely listing a defendant's name in a case caption is insufficient to support a claim against the defendant. *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam) (noting that court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption)).

Next, the Court addresses plaintiff's claims against Judges Robert Horack, Blake Pearson, and David Dolan. Plaintiff claims Judge Horack "presided" over his case after being "disqualified" on or about October 5, 2020. Plaintiff does not allege Judge Horack took any particular judicial action during a time he was not the duly appointed judge; instead, he states simply that Judge Horack "presided" over his case. Plaintiff also claims Judge Horack signed a falsified warrant and presided over the case despite knowing the evidence against plaintiff was fabricated, and he alleges Judges Horack, Pearson and Dolan have "a bias and interest in the case" and are motivated by a desire to retaliate against plaintiff. Plaintiff offers no factual enhancement for those allegations. First, because plaintiff failed to provide a factual underpinning for his allegations, the Court concludes they amount to legal conclusions that are not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while "court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."). Second, even if the Court presumed the veracity of plaintiff's allegations, judicial immunity would bar his claims.

Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon his or her own convictions, judicial immunity immunizes judges from suit. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge's immunity from § 1983 actions bars a plaintiff's recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge has no immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982). *See also Justice Network, Inc. v. Craighead County*, 931 F.3d 753, 760 (8th Cir. 2019) ("to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge"). Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462.

Here, plaintiff identifies the allegedly wrongful conduct as signing a warrant and presiding over plaintiff's criminal case, actions normally performed by judges. It appears the alleged wrongdoing occurred while plaintiff was dealing with Judges Horack, Pearson and Dolan in their judicial capacities. While plaintiff states Judge Horack presided over his case after being disqualified, he alleges no facts in support of that statement, and review of the records in plaintiff's State court criminal case fails to show Judge Horack took judicial action in plaintiff's case during a time he was not the duly appointed judge.[2] It therefore appears the complained-of acts were

---

[2] The records reflect that Judge Horack initially presided over plaintiff's case until he granted plaintiff's motion for change of judge on October 5, 2020. *See State v. Gregory Earl Stevenson,* No. 20SO-CR01206. A hearing that had previously been scheduled for October 20, 2020 before Judge Horack was then canceled and reset for October 22, 2020 before Judge Pearson. Later, on January 25, 2021, the Missouri Supreme

judicial acts, and plaintiff does not allege Judges Horack, Pearson and Dolan acted in the complete absence of jurisdiction. Accordingly, the Court concludes that judicial immunity would bar plaintiff's claims against Judges Horack, Pearson and Dolan. Plaintiff's suggestion that Judges Horack, Pearson and Dolan had improper motives would not save his claims. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) (Judicial immunity applies even when the judge is accused of acting maliciously or corruptly); *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) ("judicial immunity is not overcome by allegations of bad faith or malice").

The Court now turns to plaintiff's claims against prosecuting attorneys O'Shea, Blakely, and Brownlee. Plaintiff claims O'Shea recklessly filed a false probable cause statement when seeking a warrant; Blakely and Brownlee fabricated evidence and Blakely proceeded "with fabricated charges withholding evidence;" and all three defendants have a "bias and interest in the case" and are motivated by the desire to retaliate against plaintiff. First, as above, because plaintiff failed to provide a factual underpinning for his allegations, the Court concludes they amount to legal conclusions that are not entitled to the presumption of truth. *See Wiles*, 280 F.3d at 870. Second, even if the Court presumed the veracity of plaintiff's allegations, prosecutorial immunity would bar his claims.

Prosecutors are immune from § 1983 liability so long as the complained-of acts fall within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982). *See also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). "Absolute immunity protects prosecutors

---

Court assigned Judge Horack to serve once again as the presiding judge. On March 8, 2021, Judge Horack denied plaintiff's *pro se* motion for change of judge because it had not been filed by counsel. As indicated above, trial is presently set for June 10, 2021 before Judge Horack. *See State v. Gregory Earl Stevenson*, No. 20SO-CR01206-01.

against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). Absolute immunity "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1089 (8th Cir. 2018) ("a prosecutor is immune from suit even if he knowingly presented false, misleading, or perjured testimony or withheld or suppressed exculpatory evidence").

Here, despite the conclusory nature of plaintiff's allegations, it is apparent he seeks to recover from O'Shea, Blakely and Brownlee for acts they committed in the course of initiating a criminal prosecution and advocating for the government in presenting a criminal case. The complaint contains nothing that can be construed as an allegation that O'Shea, Blakely or Brownlee took action outside the scope of such duties. Prosecutorial immunity would therefore bar plaintiff's claims. Plaintiff's suggestion that the defendants had improper motives would not save his claims. *See Sample*, 836 F.3d at 916 (prosecutorial immunity depends on the functional nature of the prosecutor's activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions").

After carefully reading and liberally construing the complaint, the Court concludes the claims plaintiff intends to bring are neither plausible nor viable under 42 U.S.C. § 1983. The Court cannot envision an amendment to the complaint that would cause it to state a claim upon which relief may be granted. The Court will therefore dismiss the complaint at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 3rd day of May, 2021.